### HUMPHREYS v. HURTT.

*Injunction — when allowable to restrain enforcement of contract.*

In an action to reform a contract which was claimed to contain very important errors, inserted by mistake or fraud of defendant, disadvantageous to plaintiff, and which contained a severe forfeiture in case of non-performance by plaintiff; *held,* that an injunction restraining defendant from enforcing the forfeiture *pendente lite,* upon the plaintiff depositing under the order of the court the sums growing due under the contract to abide the event of the action, was proper.

APPEAL by defendant from an order at the special term continuing an injunction.

The action was brought by Frederick · Humphreys against Francis W. Hurtt to reform alleged errors in a written contract between plaintiff and defendant, for the sale by defendant to plaintiff of the capital stock and assets of Humphrey's Specific Homœopathic Medicine Company, a corporation organized under the laws of this State. At the time of making this contract, plaintiff, defendant and another owned the stock of this company. The business of the company consisted of two branches, one the manufacture and sale of what was termed "Pond's Extract," and the other the manufacture and sale of what was known as "Humphreys' Specific Homœopathic Medicines." By the contract in question, plaintiff agreed to purchase and pay for the business and property of the last-mentioned branch of business, the sum of

$50,300 (defendant taking the business and property connected with the other branch mentioned). The payments were to be made in specified weekly installments, and the contract contained various covenants, and provided "that in default of the performance by the said Humphreys, his heirs, executors, administrators or assigns, of either of the covenants or conditions hereinbefore contained, this agreement may, at the option of the said Hurtt, his heirs, executors, administrators or assigns, be rescinded and annulled, and that thereupon all payments made thereunder by the said Humphreys, his heirs, executors, administrators and assigns, shall be forfeited."

The plaintiff alleged in the complaint that the written contract was erroneous and unjust to him ; that the agreement between the parties was that defendant should take the "Pond's Extract" branch of the business, and that plaintiff should pay defendant for the other branch, upon an estimate of the difference between the values of the two branches, business, stock and indebtedness, and other allowances the sum of $26,650 ; that the papers were hastily read over to plaintiff before signing, and he did not notice that the sum mentioned in the agreement was greatly in excess of what he had agreed to pay. He did not notice that no deduction or allowance had been made for the stock of Pond's Extract, nor that other large sums had not been deducted from the gross sum; and he alleged that either defendant knew of the errors or mistakes in the agreement, and procured the same to be executed for his own advantage wrongfully, or that the errors and mistakes were mutual.

The complaint asked, among other relief, for the reformation of the contract ; that, pending the action, plaintiff have leave to pay into court all such sums as would become due under the agreement ; to abide the final judgment of the court in the action, and that such payments be adjudged compliance, etc. ; that defendant be restrained, pending suit, from commencing any action for forfeiture.

From the order granting the relief mentioned, this appeal was taken.

*Coles Morris* and *Michael H. Cardozo*, for appellant.

*William Sutphen* and *Ira Shafer*, for respondent.

DAVIS, P. J. The case presented by the plaintiff, if all his allegations are sustained, is one I think in which the relief sought would

be proper in the administration of the principles of equity. *Bryce* v. *Lorillard Ins. Co.*, 55 N. Y. 240 ; *Welles* v. *Yates*, 44 id. 525; *Coles* v. *Bowne*, 10 Paige, 526 ; *Gillespie* v. *Moore*, 2 Johns. Ch. 585.

The alleged mistake is mathematical in its character, and one into which parties in making such a division of interests and ascertainment of values might innocently fall. If both were under a misapprehension as to the true amount to be paid by plaintiff to make an equality of division, the case would be one of mutual mistake, subject to the corrective power of a court of equity, but if either saw that the other was contracting to pay a sum greater than the terms of the agreement of division required, and permitted the contract to be prepared in a form to secure advantages to which he was not justly entitled, it becomes a fraud on his part to endeavor to avail himself of such misapprehension, and equity will interpose to prevent the wrong. Of course, if the contract was the result of compromise as claimed by defendant, there is no ground for reformation.

The contract in this case contains a severe forfeiture in case of default, and has other peculiarities which seem to require that the plaintiff, while seeking to reform it, should not be exposed, if willing to pay the installments into court, as they mature *pendente lite*, to the injuries that might follow from an enforcement of the forfeiture while this suit is pending. We do not think the order, under all the circumstances of the case, was improvidently granted. If any particular provision in it works a hardship to defendant, it is still a subject proper for modification by the special term, but the restraint put upon the prosecution of the contract, or the taking of any steps to enforce the forfeiture, we think ought to be continued.

The order is therefore affirmed, with $10 costs of the appeal, besides disbursements.

*Order affirmed.*